IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  CIV-23-299-JAR |
| v. | ) ) ) | **C O M P L A I N T** |
| (1) V8 MOTORS, LLC d/b/a VICARS POWERSPORTS, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Pamela A. White ("White"), who was adversely affected by such practices. As alleged with greater specificity below, the U.S. Equal Employment Opportunity Commission alleges that the Defendant V8 Motors LLC d/b/a/ Vicars Powersports terminated the employment of Pamela White because she is a woman.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 703(a)(1), 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), 5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Venue is proper in this Court because the employment practices alleged to

be unlawful were committed within the jurisdiction of the United States District Court for the

Eastern District of Oklahoma.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation, and

enforcement of Title VII of the Civil Rights Act of 1964 and is expressly authorized to bring this

action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4.      At all relevant times, Defendant V8 Motors LLC d/b/a/ Vicars Powersports has

continuously been an Oklahoma Limited Liability Company doing business in the State of

Oklahoma and the City of McAlester, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§

2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than 30 days prior to the institution of this lawsuit, Pamela A. White filed a

charge of discrimination (EEOC No. 564-2020-01951) with the Commission alleging violations

of Title VII by Defendant.

7.      On July 28, 2022, the Commission issued to the Defendant a Letter of

Determination finding reasonable cause to believe that Title VII was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to

eliminate the discriminatory practices and provide appropriate relief.

8.     On September 8, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIM

### (Title VII – Discriminatory Discharge Because of Sex)

10.     Jon Vicars (male) owns and operates Defendant V8 Motors LLC d/b/a Vicars Powersports in McAlester, Oklahoma. Defendant sells and services ATVs, UTVs, dirt bikes, motorcycles, and personal watercraft.

11.     On June 13, 2019, Vicars hired Pamela White (female) as Finance Manager. She had approximately 30 years' experience in finance and lending at the time.

12.     In or around March 2020, Vicars added the Sales Manager role to White's responsibilities. As Sales Manager, White supervised approximately four male Sales Consultants.

13.     On or about April 1, 2020, Vicars hired Joe Garcia (male) as General Manager and Wynn Driver (male) as Finance Manager.

14.     Vicars did not tell White that he hired Garcia and Driver until they arrived for their first day of work, nor did he tell White she was being replaced as Finance Manager.

15.     White was more qualified than Driver for the Finance Manager position.

16.     Vicars told White she had great customer service skills and he wanted her to continue as the Sales Manager. White continued performing her Sales Manager duties and supervising Sales Consultants as she did prior to Garcia's arrival.

17.     White earned a three percent (3.0%) commission as Sales Manager.

18.     Despite Vicars's stated support for White as Sales Manager, Garcia and Driver immediately began undermining White's management authority and repeatedly tormented, threatened, and intimidated White, and treated her disrespectfully.

19.     For example, Joe Garcia routinely greeted and acknowledged White's sales staff but ignored White.

20.     On more than one occasion, Garcia told White that she lives in "a man's world" and that, as the new GM, he was "cleaning house," which White understood to mean that he viewed her as less than equal, that she was not welcome, and that he might fire her at any time.

21.     Driver was rude and disrespectful to White almost daily, and made comments to her such as, "You do not belong here."

22.     On one occasion, Driver forcefully pushed his fingers under White's nose and asked her, "Do my fingers smell like pussy?" White complained about Driver's remark to Garcia, who responded dismissively, "You should kick his ass."

23.     Garcia and Driver frequently met with White's subordinate Sales Consultants, individually and in groups, and deliberately excluded White from these closed-door meetings. When White asked Garcia if she should be in those meetings, Garcia said "no" and told her he was only telling the sales team to "step it up," with no further explanation.

24.     On August 15, 2020, Garcia met privately with Reese Cates (male), a Sales Consultant who reported to White. When White learned of the meeting, she asked Garcia the reason for the meeting, and he said it was to tell Cates to "step it up." White was confused by this, as Cates was one of her top sales performers. Asked the same question, Cates told White that he was being sent to "finance school" in September, without further explanation.

4

25.     On another occasion, Cates sat in White's chair and commented, in White's presence, "I can see myself sitting here."

26.     On August 18, 2020, Vicars's Controller, Tena Pounds (female), and Driver called White into a meeting and abruptly, without prior notice, told White that the Sales Manager position was being abolished and her employment was terminated. Defendant provided White a written letter of termination stating that her employment was terminated immediately because the role of Sales Manager was abolished.

27.     On September 1, 3 and 4, 2020, various individuals informed White that Cates had been promoted to Sales Manager after her termination.

28.     On September 10, 2020, Defendant posted a message on its company Facebook page announcing and congratulating Reese Cates on his promotion to Sales Manager.

29.     Cates earned a three-and-a-half percent (3.5%) commission as Sales Manager.

30.     During the course of her employment, White was the only female employed by Defendant in a Sales position..

31.     Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by discharging Pamela White because of her sex, female.

32.     The effect of the Defendant's actions was to deprive White of equal employment opportunities and otherwise adversely affect her employment status because of her sex, female.

33.     Defendant's unlawful employment practices were intentional.

34.     The unlawful employment practices complained of herein were committed with malice or with reckless indifference to the federally protected rights of Pamela White, who was aggrieved by the discriminatory practices.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the Defendant unlawfully discriminated against Pamela White because of her sex, female, in violation of Title VII, 42 U.S.C. 2000e-2(a)(1), thus entitling her to damages.

B.      Grant a permanent injunction against the Defendant, its agents, servants, employees, attorneys, officers, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex.

C.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant to make whole Pamela White by providing appropriate back pay and benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful place instatement or front pay in lieu of instatement.

E.      Order Defendant to make whole Pamela White by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to compensatory damages for emotional distress and suffering, in amounts to be determined at trial.

F.      Order Defendant to pay Pamela White punitive damages for its malicious conduct or reckless indifference to the federally protected rights of White as described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public

interest.

H.      Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney

LAUREN W. JOHNSTON
Assistant Regional Attorney

/s/ Patrick J. Holman
PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 666-0374 (telephone)
(314) 539-7895 (fax)
patrick.holman@eeoc.gov (e-mail)
lauren.johnston@eeoc.gov (e-mail)
andrea.baran@eeoc.gov (e-mail)

**ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**