IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>(1) V8 MOTORS, LLC d/b/a VICARS POWERSPORTS,<br><br>Defendant. | Civil Action No. CIV-23-299-JAR |

## ANSWER

Defendant, V8 Motors, LLC d/b/a Vicars Powersports ("Defendant"), submits this Answer to Plaintiff's, Equal Employment Opportunity Commission ("Plaintiff"), Complaint and provides as follows:

### NATUR OF THE ACTION

Plaintiff's opening unnumbered paragraph is introductory and contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies Plaintiff's unnumbered introductory paragraph.

### JURISDICTION AND VENUE

1.  Defendant admits jurisdiction is proper in this Court. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.  Defendant admits venue is proper in this Court. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3.  Defendant admits Plaintiff is a party to the lawsuit it initiated. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits it is an Oklahoma Limited Liability Company. Defendant admits it does business in McAlester, Oklahoma. Defendant admits that it employed at least 15 employees at the time of Pamela White's separation of employment. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits Paragraph 5 of the Complaint for purposes of this lawsuit.

## ADMINSTRATIVE PROCEDURES

6. Defendant admits that Plaintiff initiated this lawsuit more than 30 days after Pamela White filed a charge of discrimination. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff issued a letter of determination on or about July 28, 2022 purporting to find reasonable cause to believe a Title VII violation occurred, which Defendant disputes and denies. Defendant denies that any discriminatory employment practices occurred. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff issued a letter on or about September 8, 2022 purporting to state that conciliation failed. Defendant disputes and denies that Plaintiff engaged in appropriate conciliation efforts. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Denied.

## STATEMENT OF CLAIM

10. Defendant admits that Jon Vicars is a minority owner of Defendant. Defendant admits that it operates in McAlester, Oklahoma. Defendant admits it sells certain motorized equipment and/or vehicles. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that it hired Pamela White on or about June 13, 2019 as a Finance Manager. Defendant is without sufficient information to admit or deny Pamela White's employment history so Defendant denies the same. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Denied.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## PRAYER FOR RELIEF

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

F. Denied.

G. Denied.

H. Denied.

## JURY TRIAL DEMAND

Plaintiff's closing unnumbered paragraph is a request for a jury trial to which no response is required. To the extent a response is required, Defendant denies that any of Plaintiff's claims should be heard by a jury, or that Plaintiff is entitled to submit questions to a jury that are questions of law and/or determinable by the Court.

## DEFENSES

1. Plaintiff fails to state any claim(s) upon which relief can be granted. Defendant did not engage in, or knowingly permit conduct, in violation of Plaintiff's rights and denies that any such conduct occurred.

2. All actions taken with regard to Pamela White were based on legitimate, non-discriminatory, non-retaliatory, non-pretextual business reasons.

3. Pamela White suffered no adverse employment action.

4. Pamela White was not discharged from her employment.

5. Defendant has lawful legitimate, nondiscriminatory, and nonretaliatory reasons for any action(s) taken relative to Pamela White. Any adverse actions taken were based upon reasons unrelated to her sex.

6. Plaintiff cannot prove pretext for discrimination.

7. Plaintiff cannot establish that Defendant would not have made any alleged adverse employment decision "but-for" Pamela White's alleged sex.

8. All standards, criterion, and policies utilized by Defendant relative to Pamela White are both job-related and consistent with business necessity.

9. Plaintiff failed to engage in appropriate conciliation efforts, including pursuant to 29 CFR § 1601.24(d).

10. Defendant asserts the equitable defense of unclean hands.

11. The Commission's request for injunctive relief should be denied.

12. Plaintiff's claims, in whole or in part, may be barred by applicable statutes of limitation and/or Pamela White's failure to exhaust administrative remedies.

13. Pamela White did not suffer the damages alleged in the Complaint, and/or is not entitled to the relief sought in the Complaint.

14. Plaintiff does not have standing to assert the claims brought and/or is acting outside the scope of its authority.

15.Without admitting Pamela White was discharged or suffered any adverse employment action, the same individual who hired Pamela White being fully aware of her sex also made the decision regarding employment actions relative to White.

16.Pamela White was an at-will employee who could be terminated for any reason so long as it is not unlawful.

17.Without admitting liability, or that Pamela White has suffered any damage or loss for which Defendant should be legally responsible, Pamela White is not entitled to any monetary damages to the extent that she has failed to reasonably mitigate such damages. At a minimum, any damages must be offset and reduced by any and all amounts which Pamela White earned or could have earned with reasonable diligence.

18.Without admitting liability, or that Pamela White has suffered any damage or loss for which Defendant should be responsible, Defendant's actions were taken in good faith, without malice, reckless indifference, or willfulness to the federally protected rights of Pamela White, such that certain relief sought is not available to Plaintiff or Pamela White.

19.Defendant is not liable for punitive damages because, among other defenses, any employee who allegedly discriminated or retaliated against Plaintiff was not a managerial agent of Defendant or was not acting within the scope of his or her employment. Even if an employee who allegedly discriminated or retaliated against Plaintiff was a managerial agent and was acting within the scope of his or her employment, which Defendant denies, the alleged discrimination or retaliation was contrary to Defendant's good faith efforts to comply with the law and to prevent discrimination and retaliation.

20.Without admitting liability, or that Pamela White has suffered any damage or loss for which Defendant should be legally responsible, following Pamela White's separation of

employment, Defendant discovered conduct of Pamela White that would have resulted in her termination from Defendant regardless of the allegations in the Complaint.

21. Without admitting liability, the alleged actions or decisions of Defendant's managerial agents were contrary to the Defendant's good faith efforts to comply with the law.

22. Defendant denies liability to Plaintiff and Pamela White under all claims and legal theories, and further denies that Plaintiff and Pamela White are entitled to any relief, legal or equitable, whatsoever.

23. Pursuant to Federal Rule of Civil Procedure 15, Defendant may seek to add additional defenses and revise its Answer to Plaintiff's Complaint as discovery progresses and information is obtained in this case, and as may be permitted by the Court and applicable law.

WHEREFORE, Defendant denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees incurred in defending this action.

Respectfully submitted,

*s/Paige H. Good*
Paige H. Good, OBA #31595
Isaac Treadaway, OBA #35345
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102-7103
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
paige.good@mcafeetaft.com
isaac.treadaway@mcafeetaft.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
> Gwendolyn Young Reams
> Christopher Lage
> Lisa Morelli
> Andrea G. Baran
> Lauren W. Johnston
> Patrick J. Holman
> Oklahoma City Area Office
> 215 Dean A. McGee Ave., Suite 524
> Oklahoma City, OK 73102
> (405) 666-0374 (telephone)
> (314) 539-7895 (fax)
> patrick.holman@eeoc.gov (e-mail)
> lauren.johnston@eeoc.gov (e-mail)
> andrea.baran@eeoc.gov (e-mail)
>
> **ATTORNEYS FOR PLAINTIFF**
> **EQUAL EMPLOYMENT**
> **OPPORTUNITY COMMISSION**

*s/Paige H. Good*
Paige H. Good