IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
|---|---|
| Plaintiff, | Civil No. CIV-23-299-JAR |
| v. | |
| V8 MOTORS, LLC d/b/a VICARS POWERSPORTS, | |
| Defendant. | |

### PLAINTIFF EEOC'S RULE 26 INITIAL DISCLOSURES

In compliance with Fed. R. Civ. P. 26(a)(1)(A), Plaintiff EEOC submits the following initial disclosures to Defendant V8 Motors LLC d/b/a Vicars Powersports ("Vicars"):

**(i)   Individuals likely to have discoverable information:**  Reserving the right to add and/or modify this list because discovery is ongoing, all known persons believed to have discoverable information that Plaintiff may use to support its claims are identified as follows:

| No.: | Name: | Contact Information (*to extent known*): | Summary of *Anticipated* Testimony: |
|---|---|---|---|
| 1 | Pamela White, Charging Party | PO Box 1132<br>Spring Branch, TX 78070<br><br>(210) 218-7949 | Facts and circumstances relating to the claims and defenses in this lawsuit, including but not limited to her termination of employment with Defendant; |

|   |   |   |   |
|---|---|---|---|
|   |   | All communication with the charging party must be through EEOC Counsel. | communications and statements made and/or heard; mitigation and damages. |
| 2 | Reese Cates | [Current individual contact information to be disclosed by Defendant. Fed. R. Civ. P. 26(a)(1)(A)(i).] | Facts and circumstances relating to the claims and defenses in this lawsuit, including but not limited to the sales manager job at issue, Defendant's policies, procedures, and basis for terminating Charging Party's employment. |
| 3 | Russell Wynn Driver II | [Current individual contact information to be disclosed by Defendant. Fed. R. Civ. P. 26(a)(1)(A)(i).] | Facts and circumstances relating to the claims and defenses in this lawsuit, including but not limited to the sales manager job at issue, and Defendant's policies, procedures, and basis for terminating Charging Party's employment. |
| 4 | Joe Garcia | [Current individual contact information to be disclosed by Defendant. Fed. R. Civ. P. 26(a)(1)(A)(i).] | Facts and circumstances relating to the claims and defenses in this lawsuit, including but not limited to the sales manager job at issue, and Defendant's policies, procedures, and basis for terminating Charging Party's employment. |
| 5 | Jonathan Vicars | [Current individual contact information to be disclosed by Defendant. Fed. R. Civ. P. 26(a)(1)(A)(i).] | Facts and circumstances relating to the claims and defenses in this lawsuit, including but not limited to the sales manager job at issue, and Defendant's policies, procedures, and basis for terminating |

|  |  |  | Charging Party's employment. |
|---|---|---|---|
|  | *Additional witnesses to be identified[1]* |  |  |

**(ii)    Documents, electronically stored information, and tangible things:** At this time, EEOC anticipates relying on Bates nos. EEOC_0000001 through EEOC _0000124. EEOC may also rely on records of Charging Party's employment income for calculating back pay damages, Bates nos. PW_000001 through PW_000020. These documents will be produced to Defendant on Thursday, January 4, 2024.

**(iii)    Damages:** The EEOC seeks to recover back pay for Charging Party, including the value of lost benefits, with pre-judgment interest. Because Charging Party's back pay includes unpaid commissions, the EEOC will engage in discovery and retain an economic expert to better estimate and calculate these damages with reasonable accuracy. EEOC will supplement these disclosures as additional information becomes available. Notwithstanding, based on information available, EEOC calculates these damages at this time as follows:

---

[1] EEOC also anticipates the use of one or more expert witnesses and will notify Defendant of any Fed. R. Civ. P. 26(a)(2)(B) and/or (C) expert witnesses in accord with the Court's January 2, 2024, scheduling order [ECF 17] and the federal rules of civil procedure concerning disclosure. *See* Fed. R. Civ. P. 26(a)(2)(D).

Based on Defendant's payroll records and Charging Party's actual Sales Manager earnings for May through July 2020[2] she earned $21,288.95 over three months, or an estimated average monthly income of $7,096.31. EEOC estimates her lost wages over the approximately forty-one months since her discriminatory discharge (August 18, 2020 to approx. December 31, 2023) to be $290,949. Since her unlawful termination by Defendant, as of the end of December 2023, Charging Party has received income from subsequent employment totaling approximately $148,798 [$2,800 (Heritage Homes) + $79,448 (Queta Homes) + $59,900 (Reserve Tech) + $6,650.24 (BEMAC)]. *See* PW_000003 through PW_000008.

EEOC calculates Charging Party's current back pay damages - less earned income from employment - to be approximately $142,151 [Total est. lost wages ($290,949) less total mitigation ($148,798)]. The estimate does not currently include benefits compensation as the information needed to value Charging Party's benefits is currently in Defendant's possession. The estimates also do not include interest. EEOC reserves the right to amend these estimates when the trial date is set and based on information gathered during discovery.

In addition to lost back pay and benefits, EEOC seeks rightful-place instatement of employment for Charging Party into a sales manager position, or front pay in lieu thereof,

---

[2] May 2020 earnings: $4,855.98  [$3,000.00 (Checks 20158; 20128) + $1,855.98 (Check 20199)]
June 2020 earnings: $8,947.62  [$3,000.00 (Checks 20204; 20174) + $5,947.62 (Check 20247)]
July 2020 earnings:  $7,485.35  [$3,100.00 (Checks 20224; 20259) + $4,385.35 (Check 20306)]
　　　　　　　　　　$21,288.95/3 mos = $7,096.31 estimated average monthly income

*See* EEOC_0000098

in the estimated amount of $85,152 per year ($7,096 x 12 months) for a reasonable period of two years, or $170,304 ($85,152 x 2 yrs).

Further, the EEOC seeks to recover compensation for Charging Party's non-pecuniary losses, including emotional distress caused by the allegations in the lawsuit, which includes stress, worry, anxiety, frustration, lost enjoyment of life, hardship, sleeplessness, and other unpleasant emotions. There is no method by which to calculate the Charging Party's dignitary harm and EEOC will not be requesting a set amount to the jury. EEOC will leave this determination up to the jury's discretion. However, if EEOC were forced to guess, EEOC could anticipate that a jury may find such damages fall between three- and five-times Charging Party's annual income from Defendant. Using this method, based on current estimates, EEOC calculates Charging Party's emotional distress to be between $255,456 and $425,760. [3]

EEOC further seeks punitive damages. Like compensatory damages, these damages are qualitative and not subject to mathematical calculation and must be determined by a jury following the presentation of evidence at trial. However, again, if EEOC were required to guess the amount of punitive damages sought, EEOC anticipates a jury could find such damages to be equivalent to the greater of at least four times the amount the jury awards in compensatory damages, which is unknown at this time, or an

---

[3] EEOC recognizes these calculations for compensatory and punitive damages exceed the statutory cap; however, the cap would be imposed following a jury verdict. *See* 42 U.S.C. §1981a(b)(3).

amount equal to at least 10% of Defendant's net worth, which is also unknown at this time.

Additionally, the EEOC seeks injunctive relief, as set out in its Complaint, enjoining Defendant from engaging in present and future unlawful employment practices on the basis of an applicant's or an employee's sex, and additional injunctive relief calculated to further prevent this discrimination.

Finally, EEOC seeks recovery of its unascertained costs in this action.

**(iv)** **Insurance:** N/A

As required and allowed by the rules, EEOC reserves the right to modify and supplement these disclosures as necessary as discovery progresses.

Respectfully submitted,

s/ Patrick J. Holman
PATRICK J. HOLMAN
Trial Attorney, OBA No.: 21216
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Oklahoma City Office
215 Dean A. McGee Ave., Ste 524
Oklahoma City, OK 73102
(405) 666-0374 (Office)
(405) 815-7303 (Cell)
(314) 539-7895 (Fax)
patrick.holman@eeoc.gov (email)

**ATTORNEY FOR PLAINTIFF EEOC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th Day of January, 2024, the foregoing was filed using the Court's ECF system, and a copy was electronically transmitted to the following legal representatives for the Defendant:

Paige Good
paige.good@mcafeetaft.com
Isaac Treadaway
isaac.treadaway@mcafeetaft.com
McAfee & Taft Law Firm
**Attorneys for Defendant**

                                                s/ Patrick J. Holman
                                                Patrick J. Holman